MONTANA CONSUMER COUNSEL and Montana Department of Agriculture, Petitioners,

v.

UNITED STATES of America and Interstate Commerce Commission, Respondents,

Burlington Northern, Inc., Chicago Milwaukee, St. Paul and Pacific Railroad Company and Union Pacific Railroad Company, Intervenors-Respondents.

No. 76–3693.

United States Court of Appeals, Ninth Circuit.

Aug. 17, 1979.

Thomas M. Auchincloss, Jr., Washington, D. C. (on brief), and Geoffrey L. Brazier, Helena, Mont., argued, for petitioners.

Robert B. Nicholson and Edward Lawson, Dept. of Justice, Washington, D. C., on brief, for respondents; Christine N. Kohl, Washington, D. C., William R. Power, St. Paul, Minn., argued.

Before BROWNING and KENNEDY, Circuit Judges, and CHRISTENSEN,* District Judge.

KENNEDY, Circuit Judge:

The petitioners in this case challenge an order of the Interstate Commerce Commission (ICC) issued after the Commission determined that intrastate freight rates established pursuant to Montana rate-making procedures were so low as to be an unreasonable burden on interstate commerce. The ICC issued the order pursuant to 49 U.S.C. §§ 13(3) & (4) and we have jurisdiction pursuant to 28 U.S.C. §§ 2321 & 2342(5). The petitioners are Montana Consumer Counsel and Montana Department of Agriculture. The Burlington Northern, Inc., Chicago, Milwaukee, St. Paul & Pacific Railroad Company, and Union Pacific Railroad Company are intervenors here. These railroads were ordered by the ICC to eliminate the disparity between the intrastate and interstate rates and to submit a rate schedule for Montana transportation with rates not exceeding those authorized by the ICC for interstate transportation. We affirm the order of the ICC.

▮ At the outset we hold that, contrary to the suggestion of the ICC, this order is reviewable. The ICC argues that general revenue proceedings such as this one, see *King v. United States,* 344 U.S. 254, 275–76, 73 S.Ct. 259, 97 L.Ed. 301 (1952), are reviewable only by way of a challenge to a specific rate, such as for one commodity. If petitioners can obtain review only by challenging specific rates, they have not exhausted their remedies as provided by 49 U.S.C. § 13. There is no indication that they are primarily concerned about the rates charged with respect to any particular commodities. *See Atlantic City Electric Co. v. United States,* 400 U.S. 73, 91 S.Ct. 259, 27 L.Ed.2d 212 (1970); *Electronic Indus. Ass'n v. United States,* 310 F.Supp. 1286, 1289 (D.D.C.1970) (three-judge court), *aff'd mem.,* 401 U.S. 967, 91 S.Ct. 1188, 28 L.Ed.2d 318 (1971); *Atlantic City Electric Co. v. United States,* 306 F.Supp. 338 (S.D. N.Y.1969) (three-judge court), *aff'd by an equally divided court,* 400 U.S. 73, 91 S.Ct. 259, 27 L.Ed.2d 212 (1970). Accordingly, we do not think it necessary to impose the requirement of objections to specific rates as a precondition to review of the Commission's order. The instant case presents an order similar to the order held reviewable in *Utah Citizens Rate Assoc. v. United States,* 192 F.Supp. 12, 16 (D.Utah 1960) (three-judge court), *aff'd,* 365 U.S. 649, 81 S.Ct. 834, 5 L.Ed.2d 857 (1961) (per curiam). There, appellants challenged a general in-

---

* Honorable Albert S. Christensen, United States District Judge for the District of Utah, sitting by designation.

trastate increase ordered by the ICC; as in this case, there was no indication that they were primarily concerned about particular rates. The court specifically considered whether it had jurisdiction to review a general intrastate rate increase and concluded that it did have jurisdiction. The Supreme Court affirmed. Given the similarity between this case and *Utah Citizens Rate,* that case appears dispositive, and we hold that there is jurisdiction to review the order.

■ The ICC also contends that if the Commission's action is reviewable, the proper standard of review is the arbitrary and capricious test rather than the substantial evidence test. We find it unnecessary to reach this issue because we conclude that the Commission's action is supportable under either standard.

■ Appellants' first basis for attacking the order is that the Commission made no determination of whether the new interstate rates which formed the basis of the intrastate rate increase were reasonable, a finding which the Supreme Court in *Georgia Public Service Comm'n v. United States,* 283 U.S. 765, 770, 51 S.Ct. 619, 75 L.Ed. 1397 (1931), held was necessary. A few months before this action was commenced, the ICC had authorized a series of nationwide rate increases. Ex Parte No. 295, Increased Freight Rates & Charges, 1974, Nationwide, 349 ICC 862; Ex Parte No. 305, Nationwide Increase of Ten Percent in Freight Rates & Changes, 1974. In all of these cases the ICC investigated the revenue needs of the railroads and concluded that the rate increases were reasonable. The Commission, in its opinion in this case, made reference to these prior interstate increases and noted that the authorized increases were based on the proven revenue needs of all the railroads. There was no showing "that conditions had so changed since the interstate rates were prescribed as to require reconsideration of the issue." *Georgia Public Service Comm'n v. United States,* 283 U.S. 765, 770, 51 S.Ct. 619, 621, 75 L.Ed. 1397 (1931). Absent such evidence, we see no purpose to be served by requiring the Commission simply to repeat the evidence and findings of the previous investigation of interstate rates. *See id.* at 770 n. 4, 51 S.Ct. 619.

■ Appellants contend that it is not sufficient for the ICC to determine that the general nationwide increase was reasonable; it must make a more specific finding that the rates as applied to Montana interstate traffic are reasonable. The administrative law judge made such a finding, but appellants argue that it is not supported by the record. We disagree. Our conclusion is based in large part on *King v. United States,* 344 U.S. 254, 73 S.Ct. 259, 97 L.Ed. 301 (1952). In that case, the Court upheld an ICC order raising Florida intrastate rates to the same level as the previously increased nationwide interstate rates. The Court stated:

> The Commission has applied to the Florida operations the same conclusion it reached as to the need for increased revenue on a national basis and has distributed the burden within Florida along the same lines it followed when estimating the revenues available in the southern territory from intrastate as well as interstate operations. In the absence of any showing that it is not applicable to Florida, the evidence which forms the basis of the Commission's nationwide order becomes the natural basis for its Florida order.

*Id.* at 272, 73 S.Ct. at 269. Here the Commission apparently concluded that appellants failed to carry their burden of showing that the evidence of financial need which formed the basis of the nationwide increase was inapplicable to Montana. The record supports the Commission's conclusion. There was specific evidence concerning the financial status of the Montana railroads and their need for additional revenues to offset increases in taxes and the rising costs of labor, material, and fuel. We hold the Commission did not err in its determination that the previously authorized nationwide increase was reasonable as applied to Montana.

Appellants next argue that there was no substantial evidence to support the Commis-

sion's conclusion that the intrastate rates were an unreasonable burden on interstate commerce. In evaluating the reasonableness of intrastate rates the Supreme Court has repeatedly reaffirmed its statement in *Illinois Commerce Comm'n v. United States*, 292 U.S. 474, 483–84, 54 S.Ct. 783, 787, 78 L.Ed. 1371 (1934):

> Where the conditions under which interstate and intrastate traffic move are found to be substantially the same with respect to all factors bearing on the reasonableness of the rate, and the two classes are shown to be intimately bound together, there is no occasion to deal with the reasonableness of the intrastate rates more specifically, or to separate intrastate and interstate costs and revenues.

(Cited with approval in *Public Service Comm'n v. United States*, 356 U.S. 421, 427 n. 5, 78 S.Ct. 796, 2 L.Ed.2d 886 (1958); *King v. United States*, 344 U.S. 254, 273, 73 S.Ct. 259, 97 L.Ed. 301 (1952)).

In this case there was a one-month study by Burlington Northern which indicated that crew costs were higher for intrastate traffic. In addition, there was evidence to support the conclusion that interstate and intrastate freight are handled in the same manner: Interstate and intrastate traffic are intermingled on the same trains and move over the same tracks, under the same supervision, using the same cars and locomotives, and billing is done by the same clerical force. The crews that operate the local trains are paid higher wages and greater overtime than those that operate the interstate service. This evidence was adequate to support the Commission's conclusion that the two classes of traffic are intimately bound together and that the relative costs of the two classes are substantially the same, if not higher for some intrastate traffic than for interstate carriage.

Finally, appellants seem to attack the underlying concept of general rate increases. They argue that the transportation of some commodities may be highly unprofitable while other segments of the industry may be very profitable and contribute more than their fair share to total revenues. The Supreme Court has recog-

nized this problem but nonetheless endorsed general revenue proceedings as a practical necessity. *Aberdeen & Rockfish R. Co. v. S. C. R. A. P.*, 422 U.S. 289, 311–14, 95 S.Ct. 2336, 45 L.Ed.2d 191 (1975); *United States v. Louisiana*, 290 U.S. 70, 76–78, 54 S.Ct. 28, 78 L.Ed. 181 (1933); *New England Divisions Case*, 261 U.S. 184, 196–98, 43 S.Ct. 270, 67 L.Ed. 605 (1923). Furthermore, we note that the Commission's order allows any party the right to apply for a modification of the order as applicable to individual rates, such as for particular commodities. *See North Carolina Utilities Comm'n v. ICC*, 347 F.Supp. 103, 111–12 (E.D.N.C.1972) (three-judge court), *aff'd*, 410 U.S. 919, 93 S.Ct. 1362, 35 L.Ed.2d 528 (1973).

The order of the Commission is AFFIRMED.